1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:14-CR-00304-MCE

12                Plaintiff,

13        v.                                **ORDER**

14   JERMILA MCCOY,

15                Defendant.

16

17        Defendant Jermila McCoy ("Defendant") pled guilty to Conspiracy to Commit Mail

18   Fraud in violation of 18 U.S.C. § 1349.  She was sentenced on February 2, 2017, to one

19   hundred-ten (110) months of imprisonment and was ordered to pay $992,428.45 in

20   restitution.  Presently before the Court is Defendant's Motion to Vacate and/or Reduce

21   Sentence.  ECF No. 150.  The Government opposes Defendant's request.  ECF No.

22   158.  For the reasons that follow, her Motion is DENIED.

23        Defendant contends that "extraordinary and compelling circumstances" exist such

24   that she should be released prior to her current anticipated release date in October

25   2024.  More specifically, according to Defendant, "[her] dual diagnoses of asthma and

26   lupus, as well as her classification as pre-diabetic and obese, mean that she faces a

27   significant risk of death or serious injury should she contract COVID-19."  Mot. at 1.

28   Defendant contends that "[c]ontracting COVID-19 would almost certainly be a death

1

1    sentence for [Defendant]." Id. at 7.  Even having considered Defendant's medical

2    issues, however, the Court concludes that Defendant's release would be inappropriate.

3         "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes

4    a final judgment' and may not be modified by a district court except in limited

5    circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original;

6    quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C.

7    § 3582(c).  "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C.

8    § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated

9    administrative procedures, to file a motion with the district court for compassionate

10   release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020)

11   (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

12   **(c) Modification of an imposed term of imprisonment**.—
     The court may not modify a term of imprisonment once it has
13   been imposed except that—

14        (1) in any case—

15        (A) the court, upon motion of the Director of the Bureau of
     Prisons [("BOP")], or upon motion of the defendant after the
16   defendant has fully exhausted all administrative rights to
     appeal a failure of the [BOP] to bring a motion on the
17   defendant's behalf or the lapse of 30 days from the receipt of
     such a request by the warden of the defendant's facility,
18   whichever is earlier, may reduce the term of imprisonment
     (and may impose a term of probation or supervised release
19   with or without conditions that does not exceed the unserved
     portion of the original term of imprisonment), after considering
20   the factors set forth in section 3553(a) to the extent that they
     are applicable, if it finds that—

21
          (i) extraordinary and compelling reasons warrant such a
22   reduction;

23        . . . .

24        and that such a reduction is consistent with applicable policy
     statements issued by the Sentencing Commission . . . .
25
     18 U.S.C. § 3582(c)(1)(A)(i).
26
          "Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly
27
     petition a district court for compassionate release, removing the BOP's prior exclusive
28
                                            2

1    gatekeeper role for such motions."  Riley, 2020 WL 1819838, at *5.  "The statute now

2    provides the court with authority to reduce a sentence upon the motion of a defendant if

3    three conditions are met:  (1) the inmate has either exhausted his or her administrative

4    appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has

5    waited until 30 days after the applicable warden has received such a request; (2) the

6    inmate has established 'extraordinary and compelling reasons' for the requested

7    sentence reduction; and (3) the reduction is consistent with the Sentencing

8    Commission's policy statement."  Id. (footnote omitted).

9            The starting point for the policy statement referenced in the third prong is United

10   States Sentencing Guidelines ("USSG") § 1B1.13, which provides:

11
12              [T]the court may reduce a term of imprisonment (and may
                impose a term of supervised release with or without conditions
                that does not exceed the unserved portion of the original term
13              of imprisonment) if, after considering the factors set forth in 18
                U.S.C. § 3553(a), to the extent that they are applicable, the
14              court determines that--

15              (1)(A) Extraordinary and compelling reasons warrant the
                reduction; or

16              (B) The defendant (i) is at least 70 years old; and (ii) has
17              served at least 30 years in prison pursuant to a sentence
                imposed under 18 U.S.C. § 3559(c) for the offense or offenses
                for which the defendant is imprisoned;
18
                (2) The defendant is not a danger to the safety of any other
19              person or to the community, as provided in 18 U.S.C. §
                3142(g); and
20
                (3) The reduction is consistent with this policy statement.
21
             Since Defendant is less than 70 years old and was not sentenced pursuant to 18
22
     U.S.C. § 3559(c), he is only "entitled to relief if he demonstrates that (1) extraordinary
23
     and compelling reasons warrant a sentence reduction, (2) he is not a danger to the
24
     safety of others or the community, and (3) any requested reduction is consistent with the
25
     policy statement."  Riley, 2020 WL 1819838, at *6.
26
             "The Sentencing Commission's application notes to this policy statement provide
27
     further guidance."  Id.  Indeed, the notes explain that "extraordinary and compelling
28

1  reasons" exist when:

2      (A) Medical Condition of the Defendant.

3          . . . .

4          (ii) The defendant is—

5              (I) suffering from a serious physical or medical
6              condition,

              (II) suffering from a serious functional or
7              cognitive impairment, or

8              (III) experiencing deteriorating physical or mental
               health because of the aging process,
9

              that substantially diminishes the ability of the
10             defendant to provide self-care within the
               environment of a correctional facility and from
11             which he or she is not expected to recover.

12  U.S.S.G. § 1B1.13 cmt. n.1 (emphasis added).

13      Here, Defendant contends she suffers from serious physical or medical conditions

14  that make her particularly vulnerable to COVID-19 such that she qualifies for release.

15  The burden is on Defendant.  United States v. Holden, 2020 WL 1673440, at *3 (D. Or.

16  Apr. 6, 2020).  She has not met that burden here.

17      After considering all of the circumstances of this case, including the factors under

18  18 U.S.C. § 3553(a), the Court absolutely agrees with the Government that, even

19  assuming Defendant's medical conditions were sufficient to qualify her for consideration

20  for release, which the Court does not address, such release would be inappropriate both

21  under § 3553(a) and because Defendant is a danger to the community.

22      As the Government argues:

23          Before her conviction in this case, McCoy had already
            accumulated a number of serious convictions.  PSR ¶¶ 36-44.
24          Indeed, McCoy is in the highest criminal history category,
            which is reserved for repeat offenders for whom the sentencing
25          commission has determined have the highest likelihood of
            reoffending in the future.  PSR ¶ 48.  Significantly, McCoy
26          committed the instant offense while under probation for two
            separate prior offenses.  PSR ¶ 46.
27

28  Gov. Opp. at 10.  Given her prior propensity for engaging in criminal conduct, the Court

4

1   is not convinced she will avoid reverting to that same lifestyle if released now.

2           The Government also persuasively addresses the § 3553(a) factors.

> McCoy was the leader in a fraud scheme that involved over 250 stolen identities, 90 individual victims, and almost $2 million in actual loss.  She used the stolen identities of ordinary, hard-working citizens to make disability claims and she used the stolen identities of physicians to certify those claims with the EDD.  The fraud scheme was not a spur of the moment occurrence.  Instead, it took significant planning, attention to detail, and lasted years.  Notably, McCoy was not without the ability to hold a job and was not engaged in fraud to sustain a family.  Instead, she was motivated by greed and the desire to support her lavish lifestyle.

> McCoy's significant criminal history began at age 20.  By the instant offense, she had accumulated 18 criminal history points and easily fell into the highest criminal history category.  Her criminal record is noteworthy not just for its quantity of convictions (nine) but also because it is replete with revocations of parole and violations of her probation.  Indeed, McCoy was on probation from multiple courts when she committed the instant offense.  This behavior indicates an utter disregard of court orders and a lack of respect for the rule of law – exactly the most dangerous type of person to release into the community during a pandemic that requires citizens to follow state and medical guidelines in order to keep the entire community safe.

> Given the nature and circumstances of McCoy's crimes, her prior criminal history, and her significant threat to the public, a sentence reduction is inconsistent with a careful weighing of the § 3553(a) factors and a sentence reduction is not warranted.

19   Id. at 11-12.

20         It is worth emphasizing that Defendant has served less than half of her sentence

21   and still owes an extraordinary amount of restitution.  The need to deter this Defendant

22   and the public from engaging in similar criminal conduct is paramount here.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    Having found that Defendant is a danger to the community and having considered

2  all of the factors set forth in 18 U.S.C. § 3553(a), the Court thus concludes that release

3  would be inappropriate.  Defendant's Motion to Vacate and/or Reduce Sentence (ECF

4  No. 150.) is DENIED.

5    IT IS SO ORDERED.

6

7  Dated:  October 16, 2020

8  _____

9  MORRISON C. ENGLAND, JR.
   SENIOR UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28