UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERMILA McCOY,<br><br>Defendant. | No.  2:14-cr-00304-TLN<br><br><br><br>**ORDER** |

   This matter is before the Court on Defendant Jermila McCoy's ("Defendant") Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 165.)  The Government filed an opposition.  (ECF No. 173.)  Defendant filed a reply.  (ECF No. 174.)  For the reasons set forth below, the Court GRANTS in part and DENIES in part Defendant's motion.

///
///
///
///
///
///
///
///

1    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2        On October 13, 2016, Defendant pleaded guilty to conspiracy to commit mail fraud in

3    violation of 18 U.S.C. § 1349.  (ECF Nos. 93, 96.)  On February 9, 2017, Judge Morrison C.

4    England, Jr., sentenced Defendant to a 110-month term of imprisonment to be followed by a 36-

5    month term of supervised release and ordered Defendant to pay $992,428.45 in restitution.  (ECF

6    No. 117.)  Since February 2021, Defendant has been serving her sentence on home confinement

7    with ankle monitoring.  (ECF No. 165 at 7.)  Defendant filed the instant motion for

8    compassionate release on May 30, 2024, requesting the Court modify her sentence to time served

9    with no term of supervised release to follow.  (*Id.*)  The case was reassigned to the undersigned

10   on June 21, 2024.  (ECF No. 169.)

11   **II.    ANALYSIS**

12       Generally, a court "may not modify a term of imprisonment once it has been imposed."

13   18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The

14   compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the

15   general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

16/17/18
> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

19   18 U.S.C. § 3582(c)(1)(A).

20       In the instant case, Defendant made a request to the Residential Reentry Center on April

21   19, 2024.  (ECF No. 165-1 at 30.)  Because more than 30 days have elapsed since that request,

22   Defendant has met the threshold exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

23       Despite having met the exhaustion requirement, Defendant is eligible for compassionate

24   release only if she can demonstrate there are "extraordinary and compelling reasons" for a

25   sentence reduction.  18 U.S.C. § 3582(c)(1)(A).  Defendant argues sexual abuse she suffered by a

26   correctional officer at FCI Dublin constitutes an extraordinary and compelling reason for release.

27   (ECF No. 165 at 13–15.)  Defendant further argues that releasing her from all supervision would

28   be consistent with the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors.  (*Id.* at 15–18); s*ee* 18 U.S.C. §

3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting compassionate release). Defendant also attaches numerous character reference letters, which attest to the positive steps Defendant has taken since her release. (ECF No. 165-1 at 2–28.)

The Government acknowledges that Defendant's allegations about sexual assault at FCI Dublin have been verified and does not oppose Defendant's request for a reduction of her term of imprisonment on those grounds. (ECF No. 173 at 1–3.) However, the Government opposes Defendant's request to terminate her supervised release, arguing 18 U.S.C. § 3582(c) does not allow for reductions of supervised release and a term of supervised release is appropriate in this case. (*Id.*) The Government notes Defendant may file a motion for early termination of supervision after completing 12 months of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (*Id.* at 2.)

For the reasons set forth in Defendant's motion and noting the Government's non-opposition, the Court concludes Defendant has shown extraordinary and compelling reasons to reduce her sentence of imprisonment to time served and the § 3553(a) factors support such a reduction. Accordingly, the Court GRANTS that aspect of Defendant's motion. However, the Court agrees with the Government that a motion for compassionate release is not the proper vehicle for reducing Defendant's term of supervised release. As the Government correctly points out, the Ninth Circuit explicitly held in a recent decision that "a motion for compassionate release may not be used to shorten a term of supervised release." *United States v. Yepez*, — F.4th —, No. 22-50233, 2024 WL 3504732, at *7 (9th Cir. July 23, 2024). In addition, while the Court commends Defendant on her rehabilitation efforts so far, the Court finds eliminating all supervision is not warranted under § 3553(a), especially considering the amount of loss, Defendant's role in the offense, and the number of victims in this case. Therefore, the Court DENIES Defendant's request to reduce her term of supervision, but notes that this ruling does not prevent Defendant from later filing a motion under 18 U.S.C. § 3583(e)(1) to modify her term of supervised release if she wishes to do so. *Id.* at *8.

///

///

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 165.) The Court GRANTS Defendant's request to reduce her term of imprisonment to time served and DENIES the motion in all other respects. Accordingly, IT IS HEREBY ORDERED that Defendant's term of imprisonment is reduced to time served to be followed by the 36-month term of supervised release imposed in the previous sentence. IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect, including the restitution order. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office. Defendant shall report to the United States Probation Office within seventy-two (72) hours of the date of this Order.

IT IS SO ORDERED.

Date: August 1, 2024

_____
Troy L. Nunley
United States District Judge